UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SOLOMON MISNER, # 451-068, | : | Case No. 1:06-cv-403 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| TERRY COLLINS, *et al.*, | : | |
| Defendants. | : | **ORDER** |

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 64) BE GRANTED; (2) PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF (Docs. 25, 30) AND FOR JOINDER (Doc. 41) BE DENIED AS MOOT; AND (3) THIS CASE BE CLOSED**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983. He seeks injunctive, declaratory, and monetary relief against state prison officials and employees for alleged violations of his rights under the Eighth and Fourteenth Amendments. Underlying his claims are allegations that prison officials have not provided adequate medical treatment for his diabetic condition and have not properly responded to his grievances about his medical treatment. (*See* Doc. 11.)

Following a statutory review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, claims against certain defendants – Prison Director Terry

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Collins, Chief of Bureau of Classification William Eleby, Chief Mental Health Director Deborah Nixon-Hughes, and Medical Director Kay Northrope – were dismissed, and claims against the remaining defendants – Dr. James McWeeney, Warden Edwin Voorhies, Nurse Administrator Mona Parks, Mental Health Administrator Dirk Prise, Institutional Inspector James Goodman, Nurse Dennis Packard, and Chief Inspector Gary Croft – were permitted to proceed. (*See* Doc. 10.)

On December 21, 2007, the remaining Defendants filed a motion for summary judgment on the grounds, *inter alia*, that: (1) the doctrine of issue preclusion bars Plaintiff from relitigating the facts concerning his medical and mental condition; (2) there is no evidence to show that any Defendant has been deliberately indifferent to any serious medical need of Plaintiff; (3) Plaintiff has not shown that any action or inaction by any Defendant was the proximate cause of any injury he suffered; (4) Defendants Goodman, Croft, and Prise are entitled to judgment as a matter of law because the allegations against them do not rise to the level of a constitutional claim; (5) Plaintiff failed to state a constitutional claim based on his allegation that Defendants "forced" him to take insulin; and (6) Defendants are entitled to qualified immunity. (*See* Doc. 64.)

In light of Plaintiff's failure to file a timely response to the motion for summary judgment, the Court issued an Order to Plaintiff to show cause why the motion should not be construed as unopposed and granted. (Doc. 65.) Plaintiff has not responded to the order to show cause and the time in which to do so has passed. (*See id.*)

Plaintiff's failure to respond either to the motion for summary judgment or to the show cause order warrants granting Defendants' motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). Here, in the instant case, upon such review, and for the reasons that follow, the motion for summary judgment should be granted.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886

F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson,* 477 U.S. at 250; *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992). When the non-movant has failed to point out a question of fact on an issue, the district court's "reliance on the facts advanced by the movant is proper and sufficient." *Guarino*, 980 F.2d at 404.

## II. DISCUSSION

Plaintiff seeks injunctive, declaratory, and monetary relief based on his claims that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care and by forcibly administering insulin injections.

He alleges that when he arrived at SOCF on November 2, 2005, Dr. McWeeney took him off Lantus and Humolog insulin without examining him or reviewing his medical chart, and gave him "regular" insulin instead. He maintains that Dr. McWeeney's refusal to properly treat his diabetes from November 28 through December 1, 2005 resulted in a period of hospitalization.

Plaintiff also alleges that on three occasions in December 2005, he was forcibly administered insulin injections without his consent and without a court order by defendant Packard at the direction of Warden Voorhies. Warden Voorhies filed for an emergency guardianship over him, but was not granted emergency guardianship until after Plaintiff was forcibly administered the insulin injections. (*See* Doc. 11, att.)

Plaintiff alleges that Dr. McWeeney also failed to treat him for his symptoms of neuropathy in February 2006. Dr. McWeeney also allegedly wrote a doctor's order on

-4-

May 14, 2006 "to have the medical staff force medical treatment on [him] if [he] refused the inadequate treatment." (*Id.* at p. 7).

Plaintiff alleges that he sent kites and informal complaints to Defendant Mona Parks about his medical treatment but "at no time did she ever try to help." (*Id.*) He alleges that Defendant Dirk Prise answered his complaints about his treatment and forced medication by "telling me what someone else said." (*Id.*) Plaintiff further alleges that the grievances he filed with Defendant Goodman and the appeals he sent to Defendant Croft were denied "with no investigation done." (*Id.*)

To prevail on an Eighth Amendment claim of inadequate medical care, Plaintiff must present evidence to show that Defendants were deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hicks v. Frey*, 992 F.2d 1450, 1454-55 (6th Cir. 1993). Defendants concede that Plaintiff has a "serious medical need." (*See* Doc. 64 at 21.) Defendants, however, are entitled to judgment as a matter of law because Plaintiff failed to present evidence to show that they disregarded a serious risk of harm to Plaintiff. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).

Uncontested evidence shows that Plaintiff was provided regular medication, medical evaluations, specialist evaluations and emergency treatment at outside hospitals. (*See* Doc. 64, Ex. A-1.) Plaintiff moreover has not shown that any action or inaction by any Defendant was the proximate cause of any injury he suffered.

Defendants are also entitled to judgment as a matter of law with respect to

Plaintiff's allegation that he was forcibly administered medication. The record includes a state court finding that "[o]n every occasion where [Plaintiff] has initially refused treatment, he eventually accepted treatment without actively resisting or being physically forced." *In the Matter of the Guardianship of Solomon W. Misner*, No. 20052063 (Scioto County (Ohio) Ct. Com. Pl. May 8, 2006) (Doc. 64, Ex. B). The doctrine of issue preclusion bars Plaintiff from relitigating the state court's finding. *See Marlene Indus. Corp. v. NLRB*, 712 F.2d 1011, 1015 (6th Cir. 1983).

Defendants are entitled to judgment as a matter of law with respect to Plaintiff's allegations that they did not properly investigate of respond to his grievances and written complaints. There is no constitutional right to an effective grievance procedure or investigation of an inmate's complaint. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

Defendant Prise is entitled to judgment as a matter of law because, as director of mental health, he is not involved in providing treatment for Plaintiff's diabetic condition. Absent personal involvement, a claim for an alleged constitutional violation must fail. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Finally, Defendants are entitled to qualified immunity because Plaintiff has not shown either a constitutional violation or that what Defendants did was "objectively unreasonable" in light of clearly established law. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-1158 (6th Cir. 1996); *see also McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir.

1996) (finding that the burden of disproving qualified immunity rests with the plaintiff).

In sum, Defendants have met their initial burden of showing the absence of genuine disputes over facts which, under the substantive law governing the claims, might affect the outcome of the action. *See Celotex*, 477 U.S. at 323. In light of Plaintiff's failure to respond to Defendants' motion and to designate specific facts in dispute, summary judgment in favor of Defendants is proper.

### III. Motions for Injunctive Relief

There are also pending before the Court two motions by Plaintiff for injunctive relief. In the first he requests the Court to order an evaluation by a new, independent endocrinologist or diabetic specialist to determine an adequate course of treatment for his diabetes. (Doc. 23.) In the second he requests a transfer to a hospital prison. (Doc. 25.)

In the event summary judgment is entered in favor of Defendants, the motions may be denied as moot. If addressed on the merits, the motions should be denied because Plaintiff has not met his burden of showing a substantial likelihood of success on the merits or that he will suffer irreparable harm if the relief is not granted. *See Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

"An inmate does not have the right to choose his medical treatment, and the mere fact that he disagrees with the treatment he is given does not serve to establish that his medical care was inadequate, let alone that those treating him acted with deliberate indifference." *Burrows v. Smith*, No. 07-CV-43-GFVT, 2007 WL 4365411, at *3 (E.D. Ky. Dec. 12, 2007) (citing *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996), *cert.*

*denied sub nom. Glover v. Durham*, 520 U.S. 1157 (1997)). Additionally, "a criminal conviction authorizes the state to confine a prisoner within any of its institutions; the prisoner has no constitutional right to contest that placement." *Harris v. Ohio Dep't of Rehabilitation/Correction*, No. 91-3920, 1992 WL 56999, at *2 (6th Cir. Mar. 24, 1992) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)).

Accordingly, the motions for injunctive relief should be denied.

### IV. Motion Request For Joinder Of Persons Needed For Just Adjudication

Plaintiff also seeks to join three new defendants. (Doc. 41.) These individuals allegedly filled positions at SOCF that were vacated by Defendants who left the facility after this lawsuit was filed. Specifically, Plaintiff states that Vonda Adkins, Health Care Administrator Dave Newsome, Deputy Warden of Special Services, and Dr. Martin Sevrey, Jr., Medical Director, have taken over the duties of Defendants McWeeney and Parks. (*Id.* at p. 2.) He contends that the joinder of Adkins, Newsome, and Sevrey is necessary "to ensure continuity of medical care." (*Id.*) The motion should be denied as moot, or alternatively, as lacking in merit.

Rule 19 provides for joinder of a person who "claims an interest relating to the subject of the action" and whose absence would frustrate that person's ability to protect the interest, or would expose persons already parties to "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *See* Fed. R. Civ. P. 19(a)(2). For purposes of the rule, the absentee "must have a direct stake in the pending litigation; an interest related to the subject matter is not sufficient to

-8-

be defined as a necessary party." *See Scott Co. v. Central Garden & Pet Co.*, No. 2:00-CV-755, 2001 WL 506485, at *3 (S.D. Ohio Apr. 25, 2001).

Adkins, Newsome, and Sevrey do not have an "interest" in this action sufficient for purposes of Rule 19(a)(2). *See id.* at *4. Plaintiff's claims for relief are based on specific events which occurred well before they took on the duties of McWeeny and Parks. (*See* Docs. 11, 41) Although they allegedly may be obligated now to address Plaintiff's medical concerns, that obligation alone does not establish that they have the requisite interest in the pending litigation. *See Scott Co.*, 2001 WL 506485, at *4.

Joinder also is not warranted under Rule 20. Permissive joinder of defendants requires: (1) the right to relief asserted must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a). It is clear from Plaintiff's own assertions that Adkins, Newsome, and Sevrey were not involved in the prior "transaction, occurrence, or series of transactions or occurrences."

Finally, substitution is not warranted under Fed. R. Civ. P. 25 because the amended complaint does not indicate that McWeeny and Parks were sued in their official capacities. *See* Fed. R. Civ. P. 25.

Accordingly, the motion for joinder of persons needed for just adjudication (Doc. 41) should be denied.

## V. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED THAT**:

1. Defendants' motion for summary judgment (Doc. 64) should be **GRANTED;**

2. Plaintiff's motions for preliminary injunctive relief (Docs. 23, 25) and for joinder of necessary parties (Doc. 41) should be **DENIED as MOOT**; and

3. This case should be **CLOSED**.

It is further **RECOMMENDED** that the Court certify that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).


Date:   2/27/08                              s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SOLOMON MISNER, # 451-068, | : | Case No. 1:06-cv-403 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| TERRY COLLINS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).